IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV263-MU

| | |
|---|---|
| In re: )<br>J.A. JONES, INC., *et al.*, )<br>   )<br>   Debtors. )<br>_____)<br>   )<br>Siemens Building Technologies, )<br>   )<br>   Appellant, )<br>   )<br>vs. )<br>   )<br>Deutsche Bank, AG, *et al.*, )<br>   )<br>   Appellee. )<br>_____) | OPINION |

This matter is before the court upon an appeal by Siemens Building Technologies ("Siemens") from an Order entered by the bankruptcy court on May 23, 2005 sustaining an objection to Siemens' secured claims in the J.A. Jones, Inc., *et al.* (the "Debtors") Bankruptcy case.

**BACKGROUND**

Siemens is a subcontractor who provided labor and materials on various construction projects for the Debtors. The project at issue herein is the construction of a U.S. Post Office in New York, in which the Debtors served as general contractors for the General Services Administration ("GSA"). Siemens filed a secured proof of claim in the Debtors' bankruptcy case based upon New York state lien law, which imposes a trust on all funds coming to a general contractor for the benefit of subcontractors and suppliers. In its Order of May 23, 2005, the

1

bankruptcy court disallowed the secured claim, finding that the Miller Act, 40 U.S.C. § 3131 *et seq*. preempts state mechanic's lien statues and therefore Siemens' sole remedy for non-payment of its subcontractor claims is recourse against a bond under the Miller Act.[1]

This issue before the court is whether the bankruptcy court erred in finding that the Miller Act preempts Siemens' state law remedies and whether Siemens can assert a secured claim under 11 U.S.C. § 506 of the Bankruptcy Code pursuant to New York's mechanic's lien statute. Since there are no factual issues in dispute, the court reviews the legal conclusions of the bankruptcy court *de novo*. Fed. R. Bankr. P. 8013.

## DISCUSSION

The Miller Act, 40 U.S.C. § 3131-3134, was enacted to protect subcontractors by providing an alternate remedy to the mechanic's liens ordinarily available on private construction projects, because a lien cannot attach to government property. J.W. Bateson Co. v. Board of Trustees, 434 U.S. 586, 589 (1978). Because of sovereign immunity and a subcontractor's inability to lien government property, a subcontractor cannot assert a mechanic's lien against federal property. Active Fire Sprinkler Corp. v. United States Postal Serv., 811 F.2d 747, 754 (2d Cir, 1987) ("The Act provided recourse for subcontractors and suppliers, who had been left without a remedy as to the government . . ."). The Miller Act requires general contractors on federal construction projects to secure a payment bond to protect suppliers and laborers on the project.

---

[1] The parties had raised other arguments regarding the Claim Objection in their briefs before the bankruptcy court, but the court's Order of May 23 did not adjudicate any of these other issues raised. The ruling was based solely on the court's finding that the Miller Act preempted any other remedies Siemens may have under state law.

Preemption of federal law over state law may occur in one of three ways: (1) federal law may preempt state law by stating so in express terms; (2) where the federal law reflects a Congressional intent to occupy the entire legal field in the area; or (3) where state law conflicts with federal law. See Hillsborough County v. Automated Med. Lab., Inc., 471 U.S. 707, 712-713 (1995); Worm v. American Cyanamid Co., 970 F.2d 1301, 1304 (4th Cir. 1992). Courts addressing the issue of preemption must presume that Congress did not intend to nullify state law unless a contrary intent is "clear and manifest." Worm, 970 F.2d at 1305.

The Miller Act does not expressly preempt state law remedies, so the court must examine the other two instances where Congressional intent may be inferred. The second basis for preemption is when the federal law occupies an entire legal field. This can be determined by deciding whether Congress meant to enact a statutory scheme so comprehensive that no room for state involvement can exist. Hillsborough County, 471 U.S. at 712-713. A review of the Miller Act does not support such a conclusion. The Act only contains four provisions: Section 3131 requires general contractors on federal projects to provide the government with performance and payment bonds; Section 3132 provides an exception for small projects; Section 3133 permits subcontractors to sue a surety on a Miller Act bond; and Section 3134 provides exceptions for certain federal projects. Given the narrow scope of the Act, it is not clear that Congress intended the Act to occupy the entire legal field in the area. The statutory scheme is certainly not so comprehensive so as to leave no room for state involvement.

The third basis for preemption occurs when state law and federal law conflict. This arises when it is impossible to comply with both the state law and the federal law, or where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of

Congress." Id. at 713. The court cannot discern any conflict between the Miller Act and the New York lien law. If anything, the New York law is entirely consistent with the Miller Act in providing remedies available for subcontractors who have not been paid for their work.

There appears to be no basis for the bankruptcy court's conclusion that the Miller Act preempts state law. Indeed, in its Order, the bankruptcy court fails to conduct any sort of preemption analysis at all. The cases that the bankruptcy court relies upon in its May 23 Order are either unpersuasive or inapposite. For example, Northland Assocs., Inc. v. United States, 160 B.R. 484 (N.D.N.Y. 1993) involves a subcontractor cause of action against the federal government as owner on a federal project. Here, Siemens has made no claim against the federal government. Other cases cited by the court fail to analyze the preemption issue in light of the factors courts are bound to consider when deciding a federal preemption issue. The bankruptcy court does cite a Fourth Circuit case in support of its decision, United States v. Cleveland Electric Co. Of South Carolina, 373 F.3d 585 (4th Cir. 1967). In this case, a general contractor attempted to back charge a subcontractor for changes to a construction project for the government. The court found that a subcontractor, who was not a party to the contract between the general contractor and the government, could not be required to use the administrative remedies in the general contract, and that the plaintiff subcontractor was entitled to be paid. Id. at 588. In *dicta*, the court stated that "if the subcontractor was not paid, then his only remedy is a suit under the Miller Act. He has no lien and no claim against the government." Id. In other words, federal preemption was not an issue and the court only stated the obvious–that the subcontractor could not sue or lien the government.

A number of federal courts, including the Second, Third, Eighth, Ninth and Tenth Circuit

4

Courts of Appeals, have allowed subcontractors on federal projects to exercise statutory and common law remedies against general contractors. See United States ex rel. Consolidated Elec. & Mech., Inc. v. Biggs Gen. Contracting, Inc., 167 F.3d 432, 436 (8th Cir. 1999) (holding that nothing in the Miller Act prevented subcontractors from bringing state law breach of contract claims against general contractors); Sunworks Div. Of Sun Collector Corp. v. Insurance Co. Of North America, 695 F.2d 455 (10th Cir. 1982) (finding that a state law claim for unjust enrichment may justify recovery from a general contractor wholly apart from the Miller Act); Universal Bonding Ins. Co.v. Gittens & Sprinkle Enter., Inc., 960 F.2d 366, 371 (3d Cir. 1992); K-W Ind. v. National Surety Corp., 855 F.2d 640, 643 (9th Cir. 1988); Active Fire Sprinkler Corp., 811 F.2d at 755; Polied Environmental Services, Inc. v. Incor Group, 238 F.Supp.2d 456, 463 (D.Conn. 2002) (noting that "a number of federal circuits have held that the Miller Act does not provide a plaintiff with an exclusive remedy," and holding that plaintiffs could also assert a claim under a state unfair insurance practices law); Goldman Serv. Mech. Contracting, Inc. v. Citizens Bank & Trust Co., 812 F.Supp. 738, 741 (W.D.Ky. 1992) (holding that in addition to the remedies under the Miller Act, an unpaid supplier can exercise its rights under other statutory or common law).

The court concludes that the bankruptcy court erred in its holding that the Miller Act preempts New York state mechanic's lien statutes. The standards for federal preemption under the test set forth by the Supreme Court have not been met here. Moreover, the bankruptcy court relied on several factually distinguishable cases which either did not address, or disregarded, the stated purpose of the Miller Act, that is, to provide an alternative remedy to the mechanic's liens ordinarily available on private construction projects, because a lien cannot attach to government

property.

The Appellee argues that should the court find that the bankruptcy court erred, it may still affirm the bankruptcy court's Order on other grounds. The court declines to do so and instead will remand this matter to the bankruptcy court to assess the Claims Objection on additional grounds cited by the parties.

IT IS THEREFORE ORDERED that the May 23, 2005 Order of the bankruptcy court is hereby REVERSED, and this matter is REMANDED to the bankruptcy court for further proceedings.

Signed: February 13, 2006

Graham C. Mullen
United States District Judge